**JET INDUSTRIES, INC., Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

**Civ. A. No. SA–83–CA–2416.**

United States District Court, W.D. Texas, San Antonio Division.

Oct. 24, 1984.

644

Alexander S. Tradd, II, Austin, Tex., for plaintiff.

Robert Michael Duffey, Asst. U.S. Atty., San Antonio, Tex., Ira Gould, Holleb & Coff, Ltd., Chicago, Ill., for defendant.

ORDER

PRADO, District Judge.

The matter before the Court is the government's motion to dismiss and plaintiff's resistance thereto. The Court is of the opinion that the recent Fifth Circuit decision in *Flammia v. United States*, 739 F.2d 202 (5th Cir.1984), compels this Court to dismiss the instant action for want of subject matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6).

In its complaint, Jet Industries (Jet) alleges that while Frederix Peter DeVeau was a federal probationer and participant in the Federal Witness Protection Program, he defrauded Jet and stole $1,460,000 from the corporation. DeVeau has an extensive criminal history of mail fraud racketeering and securities fraud—well known to the government agencies who supervised him. Jet sued the United States under the Federal Torts Claims Act (FTCA) alleging that its negligence in supervising DeVeau's activities and failure to warn Jet of a known risk of fraud caused the fraud to occur. Jet claims that the government owed Jet a duty to follow established policies and to ensure that this crime did not occur.

The United States grounds its motion to dismiss in the discretionary function and misrepresentation exceptions to the FTCA. The government points out that the activities of all of the governmental agencies participating in the selection, supervision, and regulation of DeVeau's activities while in the Witness Protection Program fall within the category of discretionary functions for which there is no tort liability.

■ Although the United States has waived a portion of its sovereign immunity by creating a cause of action against it under the provisions of the FTCA, 28 U.S.C. § 1346(b) et seq., a major exception to liability is reserved for those claims which arise from acts or omissions of a governmental agency which is exercising a discretionary function. 28 U.S.C. § 2680. The Supreme Court has defined discretionary function as one in which there is room for a policy judgment. *Dalehite v. United States*, 346 U.S. 15, 36, 73 S.Ct. 956, 968, 97 L.Ed. 1427 (1953). The discretionary function is implicated whenever an official must act in an area that is devoid of fixed or readily ascertainable standards. *See Barton v. United States*, 346 U.S. 15, 36, 73 S.Ct. 956, 968, 97 L.Ed. 1427 (1953). The discretionary function is implicated whenever an official must act in an area that is devoid of fixed or readily ascertainable standards. *See Barton v. United States*, 609 F.2d 977, 979 (10th Cir.1979); *Coastwise Packet Co. v. United States*, 398 F.2d 77, 79 (1st Cir.), *cert. denied*, 393 U.S. 937, 89 S.Ct. 300, 21 L.Ed.2d 274 (1968).

Jet concedes that negligence occurring at the planning level would be unactionable, but invokes the Fifth Circuit's *Payton* analysis to cloak agency actions at issue here in the actionable mantle of non-discretion—i.e., that those actions are more properly catalogued as operational, ministerial or clerical. *See Payton v. United States,* 679 F.2d 475, 480 (5th Cir.1982) (en banc). Plaintiff particularly focuses on the supervision of DeVeau by the Marshal's Service as a ministerial and non-discretionary function.

■ The Supreme Court has recently sharpened our focus on whether a discretionary or non-discretionary function is implicated by agency actions. In *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines),* — U.S. ——, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984), we are directed to center our attention on the nature of the conduct rather than on the status of the actor to determine whether Congress intended to shield the government from tort liability in this case. *See id.* at ——, 104 S.Ct. at 2765. Using this type of analysis two years prior to the *Varig Airlines* decision, the Eighth Circuit determined that both the selection and supervision of participants in the Federal Witness Protection Program constitute discretionary functions of the agencies involved. *See Bergmann v. United States,* 689 F.2d 789, 790–95 (8th Cir.1982). In view of the *Flammia* decision that the discretionary function exception "extends to specific individual applications as well as broad policies" this Court is persuaded that the *Bergmann* analysis of the Federal Witness Protection Program would be adopted in this circuit as well. *See Flammia v. United States,* 739 F.2d 202, 204 (5th Cir.1984); *see also Smith v. United States,* 375 F.2d 243, 246 (5th Cir.1967).

■ In the same vein, it is well settled that SEC regulatory and police activities are discretionary functions under the FTCA. *See Varig Airlines* — U.S. at ——, 104 S.Ct. at 2762–63. Moreover, plaintiff's claims that the SEC or any other agency deliberately or negligently misrepresented DeVeau's status to Jet is barred by the misrepresentation exception to tort liability under the FTCA. *See Boda v. United States,* 698 F.2d 1174, 1176 (11th Cir.1983); *Redmond v. United States,* 518 F.2d 811, 814–15 (7th Cir.1975); 28 U.S.C. § 2680(h). Plaintiff's argument that its misrepresentation claim is really a duty to warn claim is circuitous and throws the ball right back into discretionary function territory. In *Bergmann,* the Court reasoned that because the statute governing the program "contemplate[s] only the protection of the witnesses and their families—not protection of the public from the witness," actions or inactions with regard to protection of the public are discretionary. *See Bergmann v. United States,* 689 F.2d at 797; *see also Franz v. United States,* 707 F.2d 582, 587 (D.C.Cir.1983); *Leonhard v. United States,* 633 F.2d 599, 623 (2d Cir. 1980). The Federal Witness Protection Act in its present form does not create a duty to warn.

■ Finally, Defendant argues for dismissal on the additional ground of failure to state a claim upon which relief can be granted. Under the FTCA, the United States has expressly limited its waiver of sovereign immunity to claims for negligence arising under "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the alleged negligent act or omission occurred." 28 U.S.C. §§ 1346(b), 2674; *see Rise v. United,* 630 F.2d 1068, 1072 (5th Cir.1980). Jet bases its claim for tort liability on the mistaken premise that DeVeau while a participant in the Federal Witness Protection Program was under the "control" of government agents, that such "control" as parole supervision affords gave rise to a duty to use reasonable care in preventing him from doing harm to others. The Supreme Court of Texas has found the existence of a duty of care only in situations where the "control" was custodial in nature. *See Missouri, K & T. RY. Co. of Texas v. Wood,* 95 Tex. 223, 66 S.W. 449 (1907) (employee kept in quarantine by

railroad because of contagious infection); *accord Flammia v. United States,* 739 F.2d 202, 204 (5th Cir.1984); *University of Louisville v. Hammock,* 127 Ky. 564, 106 S.W. 219 (1907) (institutionalized mental patient). As the Eighth Circuit recognized in *Bergmann v. United States, supra,* however, the Witness Security Program involves the opposite of custodial control; the participant is released and relocated to live in society under an assumed identity, negating any assertion of control. 689 F.2d at 796. As the Government points out, Jet's argument would write a new chapter in tort law by imposing enormous liability on the Government for failure to undertake the unworkable task of preventing, or warning potential victims of a crime whenever it has information suggesting that a crime might occur. It is not this Court's place to legislate new tort law for Texas or for the United States. No claim for relief can be granted under these circumstances.

Finding neither jurisdiction over the subject matter nor a claim upon which relief can be granted,

IT IS, THEREFORE, ORDERED that this action be and the same hereby is DISMISSED.