**JET INDUSTRIES, INC., A Texas Corporation, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 84–2691.

United States Court of Appeals, Fifth Circuit.

Nov. 29, 1985.

Alexander S. Tradd, II, Austin, Tex., Ira Gould, Chicago, Ill., for plaintiff-appellant.

Helen M. Eversberg, U.S. Atty., Raymond A. Nowak, Asst. U.S. Atty., Antonio, Tex., for defendant-appellee.

Before GARZA, JOHNSON and WILLIAMS, Circuit Judges.

GARZA, Circuit Judge.

Jet Industries, Inc., ("Jet") appeals the district court's order, 603 F.Supp. 643, dismissing its action against the United States under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. §§ 2671–80. Jet alleged in its complaint that Frederix P. De-Veau, a federal probationer and protected witness in the Federal Witness Protection Program,[1] defrauded and stole from Jet approximately $1,460,000. According to Jet, DeVeau embezzled the money from Jet's bank accounts after being named as chairman of the board of directors—an action that occurred after DeVeau had acquired a controlling interest in the company.

Jet alleged that the government breached its duty to follow established policies designed to protect the public's welfare. Specifically, Jet charged that the government knew or should have known that De-Veau was negotiating for the purchase of Jet's stock and that his conduct would result in Jet's loss. [At the time of the events relating to Jet, the Securities and Exchange Commission was investigating DeVeau for allegedly committing similar fraudulent acts upon another publicly-held corporation.] Jet claimed that the United States Marshals Service and the Probation and Parole Office acted negligently in (1) placing DeVeau in a position of trust and confidence; (2) failing to properly control

---

**1.** The Attorney General has delegated his authority to offer to provide "for the health, safety, and welfare of Government witnesses and their families" to the United States Marshals Service. 28 C.F.R. § 0.111(c).

Justice Department policy OBD 2110.2 provides:

PROTECTED SERVICES. The U.S. Marshals Service will be responsible for the protection and maintenance of those persons designated as protected witnesses. The Witness Security Division, U.S. Marshals Service, will supervise the protection of witnesses and/or their family and household members.

and supervise DeVeau, and (3) failing to warn Jet of the risk inherent in doing business with DeVeau.

The government moved to dismiss Jet's complaint for want of subject matter jurisdiction and for failure to state a claim upon which relief could be granted pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). The district court held that the "discretionary function" and "misrepresentation" exceptions to the FTCA deprived it of subject matter jurisdiction and that Jet failed to state an actionable claim because the government owed no duty to Jet under general principles of Texas common law.

In its notice of appeal, Jet challenges the district court's dismissal in all respects. We conclude that the court below properly dismissed Jet's action and affirm the court's judgment.

## DISCRETIONARY FUNCTION EXCEPTION

 Although the FTCA constitutes a waiver of the United States' sovereign immunity, Congress has specifically excluded liability for claims based upon acts or omissions of a governmental agency in the exercise of a discretionary function.[2] In determining whether a particular act or omission falls within the discretionary function exception, courts must focus on the nature of the conduct rather than the status of the action; moreover, "whatever else the discretionary function exception may include, it plainly was intended to encompass the discretionary acts of the government acting in its role as regulator of private individuals." *United States of America v. F.A. Empresa de Vicao Aerea Rio Grandese (Varig Airlines)*, 467 U.S. 797, ——, 104 S.Ct. 2755, 2768, 81 L.Ed.2d 660, 674 (1984).

In *Flammia v. United States*, 739 F.2d 202, 204 (5th Cir.1984), this court held that the discretionary function exception barred a police officer's suit against the United States based on the government's failure to maintain supervision over a paroled refugee. As in *Flammia*, the case before us involves the regulation of the conduct of a private individual within the meaning of *Varig Airlines*.

Jet, however, argues that few standards or guidelines existed in *Flammia* to guide supervision of the paroled refugee. Jet claims that the limited degree of decision-making in *Flammia* distinguishes it from the present situation. Moreover, Jet asserts that the decision to undertake active supervision negates application of the discretionary function exception, and relies on this court's decision in *Payton v. United States*, 679 F.2d 475 (5th Cir.1982) (en banc, Unit B), and other authorities in support of its position.

Although the degree of decision-making is certainly important to the application of the discretionary function exception, neither this court's decision in *Payton* nor any of the other authorities cited by Jet dictate non-application of the exception in this case. In *Payton* we affirmed the view in this Circuit that when the government undertakes to perform services which would not be required in the absence of specific legislation, it will be liable if these activities are performed negligently. *Id.* at 483. *See, Ross v. United States*, 640 F.2d 511, 519 (5th Cir.1981). However, in *Payton* we held that the district court did not have jurisdiction over those counts of the plaintiff's complaint that alleged that the Board of Parole was negligent in failing to *supervise* the parolee. *Id.* at 481. '

The other authorities cited by Jet are inapplicable because of the existence of

---

**2.** 28 U.S.C. § 2680 provides in pertinent part:

§ 2680. *Exceptions*

The provisions of this chapter and section 1346(b) of this title shall not apply to—

(a) *Any claim* based upon an act or omission of any employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or *based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.* (Emphasis supplied).

specific statutory guidelines. *See e.g., McMichael v. United States,* 751 F.2d 303, 307 (8th Cir.1985) (Defense Department's "quality assurance inspectors" were required to follow a fifty-one step procedure to ensure safety compliance). The statutory and regulatory scheme governing probation does not provide, and Jet fails to identify, any fixed standards or guidelines for supervising probationers. *See* 18 U.S.C. §§ 3651–56; 28 C.F.R. § 2.1, *et seq.*

Jet also relies on *Ruffalo v. United States,* 590 F.Supp. 706 (W.D.Mo.1984) in arguing that active supervision of a participant in the Witness Protection Program does not fall within the discretionary function exception. Jet's reliance on *Ruffalo,* however, is misplaced. In *Ruffalo,* the government's supervision of a federally protected witness involved conduct that was unauthorized and in violation of state law. By contrast, the government's supervision of DeVeau was neither unauthorized nor in derogation of any federal or state law. As Jet states in its own complaint, the government's supervision of DeVeau was, at most, negligent. In fact, we conclude that in the absence of specific regulations or guidelines, the greater the government's supervision of DeVeau, the greater the discretion the government was required to exercise.

■ We conclude that the selection and supervision of participants in the Federal Witness Protection Program constitute discretionary functions. We hold, therefore, that the discretionary function exception of the FTCA deprives the district court of subject matter jurisdiction and bars Jet's suit.[3] *Accord, Bergmann v. United States,* 689 F.2d 789, (8th Cir.1982); *Leonhard v. United States,* 633 F.2d 599, 625 (2d Cir.1980) *cert. den'd,* 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981). The district court's order is affirmed.

AFFIRMED.

---

**3.** Because we conclude that the discretionary function exception deprived the district court of jurisdiction, we need not address the propriety of the court's rulings regarding the "misrepresentation" exception to the FTCA and the government's liability under Texas law.