[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 9, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-11952
Non-Argument Calendar

_____

D. C. Docket No. 03-60264-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRED CARSWELL, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 9, 2006)

Before CARNES, BARKETT  and PRYOR, Circuit Judges.

PER CURIAM:

Fred Carswell appeals his conviction and sentence for conspiring to possess

with intent to distribute cocaine, 21 U.S.C. § 846, and possessing with intent to distribute cocaine, 21 U.S.C. § 841(a)(1).[1] On appeal, Carswell raises four challenges to his conviction, and one challenge to his sentence. First, he argues that the trial court erred by admitting evidence under Federal Rule of Evidence 404(b) when the government failed to give reasonable notice of its intent to use such evidence. Second, he argues that evidence related to his 1996 and 1997 convictions was improperly admitted under Rule 404(b) as it "could do nothing more than show criminal propensity." Third, Carswell argues that the trial court erred in not granting his motion for judgment of acquittal because the evidence was insufficient to support his convictions. Fourth, he argues that the district court erred by refusing to provide transcripts of certain trial testimony to the jury during deliberations.

Finally, Carswell argues that the district court erred at sentencing by (1) applying the Federal Sentencing Guidelines as mandatory; (2) finding that he was responsible for 265.55 grams of crack cocaine and that he was a career offender when the jury did not find those facts, in violation of United States v. Booker, 543

---

[1] During trial, after the issue was raised by the court, the government admitted that the indictment erroneously identified the defendant as Fred Carswell, Jr., when his name was actually Fred Carswell, III. (See R6 at 161-165). After the parties submitted authority on the subject, the court used the name Fred Carswell, III, on the jury instructions and verdict form, and noted in its written judgment that the defendant's true name was Fred Carswell, III. (See R1-175, 176, 180, 181, 212 at 1; R7 at 4-5). Because this discrepancy is not material to the outcome of this appeal, we will refer to the appellant as "Carswell" for ease of reference.

U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); (3) failing to consider the factors enumerated under 18 U.S.C. § 3553(a).

I.

We review a preserved challenge to a district court evidentiary ruling for abuse of discretion. United States v. Jernigan, 341 F.3d 1273, 1280 (11th Cir. 2003). We find none here.

Federal Rule of Evidence Rule 404(b) prohibits all evidence of "crimes, wrongs, or acts" to prove that a person is of a character that would commit the crime charged, but it permits such evidence to prove, among other things, motive, intent, or absence of mistake or accident, "provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed.R.Evid. 404(b) (emphasis added).

We have held that three factors govern a district court's determination of the reasonableness of the notice provided: "(1) [w]hen the [g]overnment, through timely preparation for trial, could have learned of the availability of the witness; (2) [t]he extent of prejudice to the opponent of the evidence from a lack of time to prepare; and (3) [h]ow significant the evidence is to the prosecution's case."

3

United States v. Perez-Tosta, 36 F.3d 1552, 1562 (11th Cir. 1994). "To protect defendants from 'trial by ambush,' the [g]overnment should be charged with the knowledge of 404(b) evidence that a timely and reasonable preparation for trial would have revealed." Id. at 1561.

In Perez-Tosta, the government only gave notice of some of its 404(b) evidence a couple minutes before jury selection, but the district court found that the notice was reasonable because the government had only learned the witnesses would be available the day before, and because the defense ultimately had six days to prepare. Id. at 1560. We found that the government had not intentionally waited, that the appellant had not explained how he was prejudiced, and that the evidence was important to the government's case. Id. at 1562. By contrast, in United States v. Carrasco, 381 F.3d 1237 (11th Cir. 2004), cert. denied, 543 U.S. 1177 (2005), the government never gave the defense notice of the evidence, and we reversed the conviction because the evidence went to the heart of the defense and because the government's case was not overwhelming. Carrasco, 381 F.3d at 1241.

Here, the certificate of service reflects that the government faxed its notice to Carswell the day before the start of trial, and Carswell filed a motion in opposition on the first day of trial. Argument was had on the motion on the second

4

day of trial, and Carswell was able to fully address the issue. He was also on some notice, as to the convictions, as the government had filed notice that it would use them at sentencing. Moreover, despite his claim that he was prejudiced, he failed to show the district court how the admission of the evidence would force him to change his strategy or impair his ability to present a defense. We find that Carswell has not demonstrated that the failure to strike the late notice constituted an abuse of the court's discretion.

## II.

We review properly preserved challenges to the district court's rulings on admission of evidence for an abuse of discretion. United States v. Jiminez, 224 F.3d 1243, 1249 (11th Cir. 2000). A court abuses its discretion when its decision "rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." United States v. Baker, 432 F.3d 1189, 1202 (11th Cir. 2005), cert. denied, 126 S.Ct. 1809 (2006).

Federal Rule of Evidence 404(b) states:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Fed.R.Evid. 404(b). If (1) the evidence is relevant to one of these elements, (2)

5

there is "sufficient proof that the defendant committed the prior act, and [(3) the government] can show that the probative value of the evidence is not substantially outweighed by its undue prejudice, and [it] meets the other requirements of [Fed.R.Evid.] 403," then it may be admissible under Rule 404(b). Baker, 432 F.3d at 1205.

Even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed.R.Evid. 403. However, this rule is an "extraordinary remedy . . . which should be used sparingly since it permits the trial court to exclude concededly probative evidence." United States v. Wright, 392 F.3d 1269, 1276 (11th Cir. 2004), cert. denied, 544 U.S. 968 (2005). Rule 404(b) "is a rule of inclusion." Baker, 432 F.3d at 1204-05. Both the "rules and practice favor the admission of evidence rather than its exclusion if it has any probative value at all." Young v. Illinois Cent. Gulf R.R. Co., 618 F.2d 332, 337 (5th Cir. 1980).

In this case, the government argued before the district court that it wanted to use the evidence to show identity and intent to counter Carswell's defense that he did not know drugs were being sold in the premises. Carswell admitted that he could only argue that the evidence would be more prejudicial than probative. Analyzing the motion, the district court expressly found that the evidence was

6

more probative than prejudicial, and noted how important it would be where there was no physical evidence of Carswell's offense. Finally, although the district court did not give a limiting instruction at the time the evidence came in, it did so later, and again with the rest of its instructions at the close of the trial. We cannot say that there was an abuse of discretion.

## III.

We review de novo the disposition of a defendant's properly preserved motion for judgment of acquittal. Perez-Tosta, 36 F.3d at 1556. "The district court's decision on sufficiency of the evidence is entitled to no deference by this court." United States v. Taylor, 972 F.2d 1247, 1250 (11th Cir. 1992). The district court's denial of "motions for judgment of acquittal will be upheld if a reasonable trier of fact could conclude that the evidence establishes the defendant's guilt beyond a reasonable doubt." United States v. Rodriguez, 218 F.3d 1243, 1244 (11th Cir. 2000). "It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." United States v. Young, 906 F.2d 615, 618 (11th Cir. 1990). This is so because "[a] jury is free to choose among reasonable constructions of the evidence." United States v. Vera, 701 F.2d 1349,

1357 (11th Cir. 1983). We must view the facts, and draw all reasonable inferences therefrom, in the light most favorable to the government. United States v. Hansen, 262 F.3d 1217, 1236 (11th Cir. 2001).

To sustain a conviction for conspiracy to possess cocaine with intent to distribute under 21 U.S.C. § 846, the government must prove beyond a reasonable doubt that (1) an illegal agreement existed; (2) the defendant knew of it; and (3) the defendant, with knowledge, voluntarily joined it. United States v. McDowell, 250 F.3d 1354, 1365 (11th Cir. 2001). "Although mere presence at the scene of a crime is insufficient to support a conspiracy conviction, presence nonetheless is a probative factor which the jury may consider in determining whether a defendant was a knowing and intentional participant in a criminal scheme." Id.

To support a conviction for possession of cocaine with intent to distribute under 21 U.S.C. § 841(a), "the government had to show that [Carswell] knowingly possessed the cocaine and that he intended to distribute it." United States v. Pollock, 926 F.2d 1044, 1050 (11th Cir. 1991).

In arguing before the district court, Carswell only addressed his motion for judgment of acquittal due to insufficient evidence as to Counts 2 and 5 while he was eventually convicted only of Counts 1 and 4. Moreover, it is possible that Carswell actually conceded the sufficiency of the evidence as to Counts 1 and 4

8

when arguing in favor of the former motion. However, the government does not raise this point. Furthermore, it does not matter what standard of review we apply, as it is clear that the evidence was sufficient to support Carswell's convictions.

Here, the DEA agents testified that Carswell delivered the cocaine to Witsell Williams on October 23, 2003, and then was at least present, if not watching, while the confidential informant paid Williams for the cocaine and the payment was counted, and that Carswell then took the money from Williams after the deal was completed. In addition, the government provided pictures of Carswell, apparently with the money in his hand, leaving the scene. One of the DEA agents testified that the baggies of cocaine purchased were the same ones that he observed Carswell take out of his pocket and deliver to Williams. Another agent testified that both Williams and Samuel Carswell told him, after they were arrested, that they got all the crack cocaine they sold from Fred Carswell. He further testified that, before the arrests, their confidential informant told him that the cocaine came from Samuel Carswell, but that Fred Carswell "may have" had something to do with it. The agent testified that their investigation determined that the crack cocaine came from Fred Carswell.

Williams testified that he sold crack cocaine for Samuel and Fred Carswell. He testified that Fred Carswell cooked the cocaine, and that either Samuel or Fred

9

Carswell would hide the cocaine in Ruth Carswell Victor's carport. Williams specifically testified that Carswell had surprised him by personally delivering the cocaine on October 23, 2003, then was present as the money was counted, and that Carswell put the money in a white paper bag that he was carrying. Samuel Carswell also testified that Fred Carswell cooked cocaine, alleging that he did so at his sister's house. He testified that he got the cocaine from Fred Carswell and would hide it in the carport. He further testified that Williams worked for him as a dealer, and that Fred Carswell was a bigger dealer than he or Williams.

On this basis, a reasonable trier of fact could conclude that the evidence established beyond a reasonable doubt that Williams and Samuel and Fred Carswell had knowingly and voluntarily made an illegal agreement to possess and distribute crack cocaine, and that Fred Carswell had knowingly possessed crack cocaine with the intent to distribute it. Accordingly, we affirm the district court's denial of Carswell's motion for a judgment of acquittal.

## IV.

We find no merit to Carswell's argument that the district court erred by refusing to provide transcripts of certain trial testimony to the jury during deliberations. There is nothing to suggest reversible error occurred in this regard. "A district court has broad discretion in determining whether to grant or deny a

jury's request to read a portion of the trial transcript." United States v. Edwards, 968 F.2d 1148, 1152 (11th Cir. 1992) ("[i]n a case such as this one, allowing a jury to read requested portions of the transcript could easily result in jurors' placing undue weight on the reviewed testimony"). "This is one of those cases where the trial court, having given the matter proper consideration, could have been right on either course of action." United States v. Quesada-Rosadal, 685 F.2d 1281, 1283 (11th Cir. 1982) (affirming district court's instruction to the jury to rely on their own recollection). Here the court gave the jury's request due consideration, including consulting the parties for argument on the issue. The parties mutually suggested an instruction, and the court agreed that it was fitting. Accordingly, we find no abuse of discretion.

V.

In Booker, the Supreme Court recognized that the then-mandatory Federal Sentencing Guidelines violated a defendant's Sixth Amendment rights. See Booker, 543 U.S. at 233, 125 S.Ct. at 749-50. The Court cured the problem by excising 18 U.S.C. §§ 3553(b)(1) and 3742(e), thereby making the Guidelines advisory only. Id. at 245-46, 125 S.Ct. at 756-57. Therefore, a post-Booker sentencing court must still apply the Guidelines. United States v. Crawford, 407 F.3d 1174, 1179-80 (11th Cir. 2005). Nevertheless, a court violates a defendant's

11

Sixth Amendment right to trial when it applies them as mandatory.  See United

States v. Shelton, 400 F.3d 1325, 1331 (11th Cir. 2005).

After applying the Guidelines correctly, the district court may impose a

sentence more severe or more lenient than the Guidelines range, but we will review

it for reasonableness "in the context of the factors outlined in" 18 U.S.C. § 3553(a).

United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005).  This review is

deferential.  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

"[N]othing in Booker or elsewhere requires the district court to state on the record

that it has explicitly considered each of the § 3553(a) factors . . . ."  United States

v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

In this case, the only possible suggestion that the court applied the

Guidelines as mandatory was its brief statement, after explaining that the

calculation of Carswell's guideline range as a career offender was not affected by

any of the challenges he had raised, that it had "no discretion to disregard" his

career offender status once it was established.  While reading this comment alone

could imply that the court was approaching the guidelines as mandatory, the court

itself specifically clarified later that Carswell's sentence was imposed under the

advisory Guidelines, and that it considered it to be reasonable.

Finally, we have held that Booker did not disturb the holding in

12

Almendarez-Torres v. United States, 523 U.S. 224, 228, 243-44, 118 S.Ct. 1219, 1223, 1230-31, 140 L.Ed.2d 350 (1998), that sentence-enhancing factors, notably prior convictions, do not need to be included in the indictment unless they are an element of the charged offense. United States v. Cantellano, 430 F.3d 1142, 1147 (11th Cir. 2005), cert. denied, 126 S.Ct. 1604 (2006) ("[A] district court does not err by relying on prior convictions to enhance a defendant's sentence"). Further, the elements of the career offender Guideline, U.S.S.G. § 4B1.1, are questions of law. United States v. Gibson, 434 F.3d 1234, 1247-48 (11th Cir. 2006). Accordingly, the court did not err when it determined that Carswell was a career offender, and this dictated his Guideline range. For this reason, we need not determine whether the court erred when it found that the applicable drug amount was 265.55 grams.

**AFFIRMED**