[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 2, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11387
Non-Argument Calendar

_____

D. C. Docket No. 05-00076-CR-FTM-33-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDREW CRUMBLY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 2, 2007)**

Before BIRCH, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Andrew Crumbly appeals his convictions for possession with intent to distribute cocaine base. On appeal, Crumbly argues that the trial court erred by

limiting cross-examination of a government witness, Gabriel Whitfield, as to Whitfield's bias, prior untruthfulness, and prior convictions. Because we find no reversible error, we AFFIRM.

## I. BACKGROUND

A federal grand jury indicted Crumbly on three counts of knowingly and willfully possessing with intent to distribute and for distributing crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2. The indictment charged sales on three separate dates in 2005: 21 May, 1 June, and 4 June.

At trial, the prosecutor advised the jury in his opening statement that it would be hearing first from Gabriel Whitfield, a paid informant for the Drug Enforcement Administration ("DEA"), who had known Crumbly for several years before he bought the crack cocaine from him on the three dates in question. Crumbly's counsel's opening statement focused on the credibility of Whitfield, outlining a burglary he committed in 1990. Whitfield had provided the government with information about others involved in the burglary and had only received two and a half years of prison, rather than a possible life sentence. When defense counsel began to outline a 1997 offense, the prosecutor objected that "defense counsel [was] making highly prejudicial statements about [the]

2

underlying conduct of a Government witness." R6 at 134. The government indicated that it had not been given advanced notice about Crumbly's intent to rely upon this 1990 conviction. The prosecutor also argued that the details of Whitfield's prior criminal conduct, particularly to the extent that it was eight or nine years old, had no bearing on his bias. Defense counsel responded that Whitfield's relationship with the police department over a number of years was relevant to show bias. The district court sustained the objection to the opening statement, advising defense counsel that he had crossed the line into argument.

On direct examination, Whitfield testified that the DEA paid him in connection with the purchases that he made from Crumbly and that he was not subject to any criminal charges at that time. Whitfield identified the audiotapes of the telephone calls he made to Crumbly before the buys and testified that they were accurate. The videos show that the actual exchanges lasted only seconds, and none of the videos captured the exchange of money and drugs.

The issue of Whitfield's prior offenses came up again during Crumbly's counsel's cross-examination of Whitfield. The district court advised defense counsel that he could not ask Whitfield about convictions more than ten years old. With respect to the convictions the defense could ask about, the district court instructed counsel to "stick to the basic facts," that is, the fact of the conviction and

3

the nature of the crime. Id. at 185-86. On cross-examination, defense counsel brought out that Whitfield was charged with burglary and grand theft in 2002, that he eventually pled guilty to grand theft, and that he received probation. Whitfield agreed that he received probation, which normally was reserved for first offenders, even though he "had been through the system before." Id. at 198-99. Whitfield also testified that he was arrested for selling counterfeit drugs, in violation of the terms of his probation, he gave a false name when he was arrested, and he received a year for the offense.

After Whitfield testified, defense counsel proffered that he would have elicited on cross-examination that on 31 October 1990, Whitfield and another person with a gun entered a store after it closed, held a gun to the employees, ordered them down to the floor, took $9,000 from the office, and then locked the employees in a meat locker. Crumbly's defense counsel continued that when the investigation focused on Whitfield, he provided the government with the identities of the gunman and a former store employee who had given them information. Whitfield then received a sentence of two and a half years. Defense counsel also wanted to cross-examine Whitfield about a 1997 traffic stop and 2002 burglary. During the 1997 traffic stop he tried to run away on foot, even after officers tackled him, handcuffed him, and sprayed him with pepper spray. Whitfield was charged

4

with escape, a felony, but was allowed to plead to a misdemeanor of resisting arrest without violence. In 2002, defense counsel continued, Whitfield stole a diamond necklace from the home of someone he knew. Whitfield lied to the victim when she confronted him but later admitted to police that he had sold the necklace. Defense counsel conceded that he was permitted to establish that Whitfield was convicted of grand theft, instead of burglary, and was sentenced to probation. Defense counsel also conceded that he was able to elicit that Whitfield was arrested later that year for selling drugs, but proffered that the police records indicated that Whitfield stated that he sold "fake crack cocaine to white boys because [they were] too dumb to know the difference." Id. at 224. Defense counsel argued that this behavior was relevant to Crumbly's defense that Whitfield was a dishonest con man who orchestrated the crime Crumbly allegedly committed.

After hearing defense counsel's proffer and argument from both parties, the district court concluded that the facts of the 1990 conviction for armed robbery and the 1997 misdemeanor conviction for resisting arrest were not relevant and that, even if they were, their prejudicial effect outweighed any probative value under Federal Rule of Evidence 403. The court further found that defense counsel had been given sufficient opportunity to cross-examine Whitfield with respect to his bias and motive.

The government next called Emmanuel Noudewo, the DEA agent who worked with Whitfield on the alleged transactions with Crumbly. Noudewo testified that he instructed Whitfield to call Crumbly each time, recorded the telephone conversations, and placed a hidden video camera on Whitfield's person. Before the 21 May 2005 transaction, Noudewo searched Whitfield, including his person, pockets, shoes, and socks to ensure that he did not have any drugs or weapons. Noudewo drove Whitfield to a location a block away from Crumbly's residence, and Whitfield called Crumbly to tell him that he was in the vicinity. Noudewo did not see the actual transaction because it took place while he was turning his car around. Noudewo did see Whitfield walk away from a man whom Noudewo believed to be Crumbly and return to the car with suspected crack cocaine.

Before the second transaction, Noudewo again had Whitfield call Crumbly's residence to arrange a drug purchase, searched Whitfield, and determined that he was not carrying any drugs or weapon before giving him the audio and video equipment. On the second and third transactions, on June 1st and 4th, Noudewo parked so that he could observe the exchanges and identify Crumbly. On June 1st and 4th, Whitfield was given $300 and $400, respectively, and he returned with suspected crack cocaine.

6

On cross-examination, defense counsel elicited that the searches of Whitfield were not strip searches and they were conducted in front of a female officer. Defense counsel also had Noudewo acknowledge the disparities in the amounts of crack cocaine that Whitfield received on each occasion. Noudewo explained on redirect that the market was complicated, and that it depended not just upon the weight of the drugs but upon the pieces and the relationship between the seller and buyer.

The jury found Crumbly guilty of all three counts, and the district court sentenced him to 235 months' imprisonment on each count, to run concurrently. This appeal followed.

## I. DISCUSSION

"We review for abuse of discretion a district court's exclusion of testimony about 'collateral crimes impinging solely on a witness's credibility and bearing no relation to the subject matter of his or her direct examination.'" United States v. Edwards, 968 F.2d 1148, 1152 (11th Cir. 1992) (citation omitted). Under Federal Rule of Evidence 403, "relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

7

On appeal, Crumbly first argues that the trial court erred by limiting cross-examination as to Whitfield's bias. Specifically, Crumbly argues that the district court's refusal to allow cross-examination on Whitfield's 1990 and 1997 convictions, and its requirement that Crumbly's counsel limit his cross-examination regarding Whitfield's 2002 convictions did not allow Crumbly to show how exceptionally and leniently Whitfield was treated.

Because the Federal Rules of Evidence do not specifically address the admissibility of evidence regarding a witness's bias, admissibility is limited only by the relevance standard of Rule 402. United States v. Lindemann, 85 F.3d 1232, 1243 (7th Cir. 1996) (citation omitted). Moreover, a limitation on a defendant's cross-examination on a prototypical type of bias may constitute a violation of the Confrontation Clause of the Sixth Amendment. Delaware v. Van Arsdall, 475 U.S. 673, 680, 106 S. Ct. 1431, 1436 (1986).

Subject to the Sixth Amendment, the district court has the discretion to limit such cross-examination. United States v. Beale, 921 F.2d 1412, 1424 (11th Cir. 1991) (citation omitted). We have repeatedly recognized the importance of the right to full cross-examination when applied to the government's star witness or a witness who provides an essential link in the government's case. See e.g., United States v. Lankford, 955 F.2d 1545, 1548 (11th Cir. 1992). Nevertheless, the right

is not without limitation, as the Sixth Amendment only protects cross-examination that is relevant.  United States v. Lyons, 403 F.3d 1248, 1255 (11th Cir.) (citation omitted), cert. denied, 126 S. Ct. 732 (2005).

>We have held that a criminal defendant
>
>>is entitled only to an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.  Trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.

United States v. Baptista-Rodriguez, 17 F.3d 1354, 1366 (11th Cir. 1994) (internal quotations alterations and citations omitted).  As such, the Confrontation Clause is satisfied as long as a district court permits cross-examination that exposes the jury to facts sufficient to evaluate a witness' credibility and enables a criminal defendant to establish a sufficient record from which he can argue why a witness is less than reliable.  Id. at 1371 (citations omitted).  "[O]nce there is sufficient cross-examination to satisfy the Confrontation Clause, further questioning is within the district court's discretion.  The test for the Confrontation Clause is whether a reasonable jury would have received a significantly different impression of the witness' credibility had counsel pursued the proposed line of cross-examination."  United States v. Diaz, 26 F.3d 1533, 1539-40 (11th Cir. 1994) (internal citations

9

and quotations omitted).

Crumbly's attorney was able to achieve his desired purpose by arguing to the jury that Whitfield had an incentive to lie and eliciting on cross-examination that Whitfield was charged with burglary and grand theft in 2002, but that he received only probation, which normally was reserved for first offenders, despite the fact that he "had been through the system before." R6 at 198-99. Whitfield also testified on cross-examination that he was arrested for selling counterfeit drugs, in violation of the terms of his probation, that he gave a false name when he was arrested, and that he received a year for the offense. Despite these wrongful acts, on cross-examination defense counsel queried:

> Q: So in 2000, 2001, you're working for the police. In 2002, you're commiting crimes?
> A: Yeah.
> Q: For which you get a year?
> A: Yeah.
> Q: And nothing really all that bad had happened to you?
> A: No.
> Q: You'd pretty much gotten away pretty much clean?
> A: Yeah.

Id. at 202. The district court was within its discretion in limiting cross-examination on the details of Whitfield's prior offenses under Rule 403 because the jury heard evidence that Whitfield had received sentences normally reserved for first-time offenders after working as a paid informant. Had defense counsel

elicited the desired testimony regarding Whitfield's prior convictions, the jury would not have had a significantly different impression of Whitfield's credibility, motivation, or bias.

Crumbly next argues that the trial court erred by denying cross-examination regarding Whitfield's prior untruthfulness on two occasions. Specifically, Crumbly sought to cross-examine Whitfield regarding his lie to his female friend regarding his participation in the burglary of her residence and the theft of her diamond necklace, and Whitfield's practice of selling fake crack cocaine.

Rule 608(b) of the Federal Rules of Evidence provides:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

Although Crumbly complains that he was unable to elicit Whitfield's prior untruthfulness with respect to selling counterfeit crack cocaine, Whitfield testified that he was arrested for selling counterfeit drugs and that he lied to police when he was arrested by giving a false name. The district court acted within its discretion in excluding this additional evidence, because Whitfield testified as to the two acts

11

of dishonesty that Crumbly sought to elicit, and selling fake cocaine necessarily implies deceit. Cross-examination on the additional fact that Whitfield sold the fake crack cocaine to white people, who he believed were "too dumb to know the difference," R6 at 224, would have been gratuitous and thus not probative of untruthfulness.

Crumbly also argues that the trial court erred by denying cross-examination of Whitfield regarding his 1990 and 1997 convictions under Rule 609. The 1990 armed robbery conviction was relevant to credibility, Crumbly argues, because it was a violent crime. Although Crumbly did not provide written notice of intent to use Whitfield's 1990 conviction as impeachment under Rule 609(b), he contends that the failure to do so did not prejudice the government and that advance written notice would have compromised Crumbly's theory of defense.

Rule 609(a) states that for the purpose of attacking the credibility of a witness:

> (1) evidence that a witness . . . has been convicted of a crime shall be admitted . . . if the crime was punishable by death or imprisonment in excess of one year[, and if] the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and

> (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

We have held that "Rule 609 requires that evidence of prior convictions of a non-defendant witness be admitted if (1) the convictions are for crimes punishable by death or imprisonment in excess of one year, (2) the convictions are less than ten years old, and (3) the evidence is being used to attack the witness' credibility." United States v. Burston, 159 F.3d 1328, 1335 (11th Cir. 1998). In addition, Rule 609(b) requires the proponent to give "sufficient advance written notice of intent to use [ ] evidence" of a conviction more than ten years old.

Crumbly did not provide advance written notice of his intention to use the 1990 conviction. Thus, under the mandatory language of Rule 609(b), the district court did not err in excluding evidence of the 1990 conviction for purposes of Rule 609(a). The 1997 misdemeanor conviction for resisting arrest did not involve dishonesty or false statement. Thus, Rule 609(a) did not provide a basis of admissibility.

## II. CONCLUSION

Upon review of the record and consideration of the parties' briefs, we find no reversible error. Accordingly, we affirm Crumbly's convictions.

**AFFIRMED.**