[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14203
Non-Argument Calendar
_____

D.C. Docket No. 0:03-cr-60264-CMA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRED CARSWELL, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 12, 2019)

Before WILLIAM PRYOR, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Fred Carswell, III,[1] a federal prisoner proceeding *pro se*, appeals following the district court's denial of the post-conviction "Motion Under Rule 60(B) (6) [sic] of the Federal Rules of Civil Procedure" he filed in his criminal case. On appeal, Carswell argues that the district court committed "procedural error" by denying his motion without explanation of its reasoning. He appears to argue that his motion was meritorious, reasserting that his convictions are invalid because the indictment in his underlying criminal proceedings did not have the correct generational title behind his name.

In every case, we must ensure that the district court had jurisdiction to consider the case on the merits. *Boyd v. Homes of Legend, Inc.*, 188 F.3d 1294, 1297–98 (11th Cir. 1999). We review issues of subject-matter jurisdiction *de novo*. *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) (reviewing the dismissal of a Rule 60(b) motion, construed as an impermissibly successive 28 U.S.C. § 2254 petition). We hold *pro se* pleadings to a less stringent standard than counseled pleadings, and will liberally construe them "to discern whether jurisdiction to consider [a] motion can be founded on a legally justifiable base." *Fernandez v. United States*, 941 F.2d 1488, 1491 (11th Cir. 1991).

---

[1] The indictment in Carswell's underlying criminal proceedings erroneously referred to him as "Fred Carswell, Jr.," as we noted during his direct criminal appeal. *See United States v. Carswell*, 178 F. App'x 1009, 1011 n.11 (11th Cir. 2006) (unpublished). The district court used Carswell's correct name on the jury instructions, verdict form, and written judgment, and we noted that the discrepancy was not material to the outcome of his appeal. *Id.*

If the district court lacks jurisdiction to consider a case on the merits, we possess jurisdiction on appeal solely to correct the district court's error. *Boyd*, 188 F.3d at 1298. Federal courts are under an obligation to look beyond the label of a motion filed by a *pro se* inmate and determine whether the motion is cognizable under a different remedial statutory framework. *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990). Procedurally, we have affirmed the dismissal of an action but modified it so as to rest on an absence of jurisdiction. *See, e.g.*, *Boda v. United States*, 698 F.2d 1174, 1177 (11th Cir. 1983). We also have the statutory authority to modify district court orders. *See* 28 U.S.C. § 2106.

A federal prisoner seeking relief from his conviction or confinement may file, pursuant to 28 U.S.C. § 2255, a motion to vacate in the district court. *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). A district court does not have jurisdiction to review a federal prisoner's second or successive § 2255 motion, unless that motion is first certified by the appropriate United States Court of Appeals. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(a); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (holding that, "[w]ithout authorization, the district court lacks jurisdiction to consider a second or successive [§ 2255 motion]"). A Rule 60(b) motion for relief from judgment on a § 2255 motion is a second or successive § 2255 motion if it seeks to add a new ground for relief or attacks the district court's prior resolution of a claim on the merits, but not when it

3

attacks a defect in the integrity of the § 2255 proceedings. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (addressing a Rule 60(b) motion in the 28 U.S.C. § 2254 context); *see also Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) (*en banc*) (applying *Gonzalez* in the 28 U.S.C. § 2255 context), *overruled on other grounds by McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (*en banc*).

Here, Carswell filed his first § 2255 motion in 2007, challenging his conviction for which he was sentenced in 2005. The district court denied that first § 2255 motion, and both the district court and this Court denied Carswell a Certificate of Appealability ("COA"). Then, in July 2016, Carswell filed in this Court an application to file a successive § 2255 motion seeking to raise, *inter alia*, the claim that his 2005 conviction and sentence was invalid because the indictment incorrectly named his father. Although this Court denied that application, Carswell nevertheless filed a successive § 2255 motion raising, *inter alia*, that same claim, which the district court dismissed for lack of jurisdiction. It is this district court order which Carswell's instant Rule 60(b)(6) motion challenges, arguing that his 2005 conviction should be set aside because the indictment erroneously named his father.

The district court lacked jurisdiction to consider Carswell's self-styled Rule 60(b) motion because it was actually a § 2255 motion. *See Gilbert*, 640 F.3d at

4

1323; *Farris*, 333 F.3d at 1216.  It was actually a § 2255 motion because he attempted to raise a new ground for relief that he did not raise in his original § 2255 proceedings, arguing that the indictment was invalid.  *Id.*  Thus, we construe the order denying the motion as a dismissal for lack of jurisdiction and affirm with that understanding.  *See Boda*, 698 F.2d at 1177; 28 U.S.C. § 2106.

**AFFIRMED.**