**Susan BODA, Plaintiff-Appellant,**

v.

**UNITED STATES of America,
Defendant-Appellee.**

No. 82–7108
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 22, 1983.

Susan Boda, pro se.

Henry I. Frohsin, Asst. U.S. Atty., Frank W. Donaldson, U.S. Atty., Birmingham, Ala., for defendant-appellee.

Before RONEY, VANCE and ANDERSON, Circuit Judges.

VANCE, Circuit Judge:

Plaintiff appeals the district court's order denying her leave to amend and dismissing her complaint with prejudice. The district court held both that the court was without jurisdiction and that the complaint failed to state a claim. We approve the district court's determination that plaintiff could not prevail on her complaint but modify its order of dismissal.

Susan Boda entered into a series of business agreements in Huntsville, Alabama with a participant in the federal witness protection program (WPP) who used the name Peter Abate. Ms. Boda alleged that WPP officials furnished Abate with references and other documents which induced her to enter into the agreements and to give Abate access to her heirloom diamond ring. Mr. Abate breached the agreements and, still under protection of the WPP, left Alabama with the ring. Boda sued Abate in Madison County, Alabama, court, obtained service through the WPP and was awarded a default judgment for a sum of money. The state court also ordered Abate to return the ring. Although WPP personnel served Abate with the judgment, Abate, who by then was living in Florida, failed to respond. There is no mention in the record of any further attempts of Ms. Boda to execute on her judgment against Abate or to sue on her judgment in Florida.

Because Abate's fraudulent acts allegedly violated Alabama's criminal law, Boda also swore out a warrant for his arrest. At the request of WPP officials, however, the Madison County District Attorney did not initiate extradition proceedings.

Plaintiff, represented by a lawyer, filed an administrative claim and a complaint in district court seeking to recover for her injuries under the theory that the government negligently supervised the WPP and the government's negligence caused her loss. The court dismissed the complaint for failure to exhaust administrative remedies. Plaintiff's administrative claim was subsequently denied.

Proceeding pro se plaintiff then filed another complaint in district court naming government officials, Abate and the United States as defendants and a few days later filed a second administrative claim. The district court's dismissal of this second complaint is the subject of this appeal.

Plaintiff's complaint alleges that she has been injured by torts committed by government officials, specifically that WPP officials negligently provided Abate with references and failed to warn her of his criminal propensities. Their negligence breached a duty owed her and thereby caused her injury. Alternatively she claims that Abate is an agent or employee of the government, and the government is responsible for his wrongful acts.[1] Plaintiff's amendment of right to her complaint, Fed.R.Civ.P. 15(a), was merely a correction of typographical errors. In response to the government's motion to dismiss, plaintiff sought leave to

---

1. In various places in the record plaintiff has alleged grounds of jurisdiction in addition to 28 U.S.C. § 1346. Plaintiff alleges jurisdiction under 28 U.S.C. § 1343 which grants district courts jurisdiction to consider claims for damage under 42 U.S.C. § 1985. The only claim conceivable would be under section 1985(2). This section applies only to obstruction of courts of the United States and does not include the various state courts and is therefore not applicable to this case. *Kimble v. D.J. McDuffy, Inc.,* 648 F.2d 340 (5th Cir.1981).

Neither is plaintiff a member of a class protected by this act. *Id.*

Plaintiff also alleges jurisdiction under 28 U.S.C. § 1361 which grants the district court jurisdiction to compel federal officers to perform their duties. Relief under section 1361 is available only where the plaintiff has a clear right to the relief sought, defendant has a clear duty to act, and no adequate remedy exists. *See City of Seabrook v. Costle,* 659 F.2d 1371 (5th Cir.1981). This is not the case here.

further amend, Fed.R.Civ.P. 15(d), which was denied.

Plaintiff's proposed amendment for the most part restated the claims contained within her original complaint with two exceptions. The amendment sought to drop all parties defendant save the United States and contained a cryptic addition alleging that "the U.S. Attorney for the State of Massachusetts obstructed the execution of a court order . . . ." The identity of the referenced order is not clear, however, since the previous paragraph mentions both the arrest warrant and an "order of judgment." After carefully reading the amended complaint and examining all supporting documents and briefs we conclude that the amendment seeks to present one additional theory: that United States government officials interfered with state court process by persuading the Madison County district attorney not to attempt to extradite Abate because of his value in an ongoing federal operation.

■ Despite plaintiff's protests to the contrary, her claims against the United States for the negligence of its agents and employees which allowed Abate to defraud her are barred by section 2680(h) of the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2680(h).[2] We accept the reasoning of the seventh circuit which concluded in *Redmond v. United States,* 518 F.2d 811 (7th Cir.

1975), that this question was resolved by the Supreme Court in *United States v. Neustadt,* 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961). Our conclusion, however, means that the district court should have dismissed this complaint on jurisdictional grounds under Fed.R.Civ.P. 12(b)(1) and not under Fed.R.Civ.P. 12(b)(6). *See Stanley v. Central Intelligence Agency,* 639 F.2d 1146, 1156–58 (5th Cir.1981).

■ Had the district court allowed plaintiff leave to amend it would have had to consider an additional allegation that the United States was liable for violation of Ms. Boda's constitutional due process rights due to the role of federal officers in obstructing Abate's extradition. Such a claim does not fall under the FTCA since it is founded on the Constitution and not the laws of the state of Alabama. *United States v. Muniz,* 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963); *Underwood v. United States,* 356 F.2d 92, 99 (5th Cir.1966); 28 U.S.C. § 2674. Such a claim is thus barred by the doctrine of sovereign immunity. *Barker v. Norman,* 651 F.2d 1107 (5th Cir.1981). The district court, therefore, lacked jurisdiction to consider this claim.[3] The proffered amendment was futile and its refusal justified. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

2. If Abate is a government agent, then the claims against the government are more clearly grounded on deceit and misrepresentation and barred by section 2680(h) without use of *Neustadt* to bring negligent misrepresentation into the exception. *See, e.g., Covington v. United States ex rel. Dept. of the Air Force,* 303 F.Supp. 1145 (N.D.Miss.1969).

3. Had Boda in her amendment not sought to drop the individual officers as defendants she would have stated at least a colorable *Bivens* claim not barred by sovereign immunity. *See Carlson v. Green,* 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980); *Davis v. Passman,* 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979); *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978); *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1975).

There would still be problems for plaintiff in pursuing such an action. The action which plaintiff alleges United States agents obstruct-

ed justice was *not* plaintiff's action but a criminal action in which she has no direct stake. Although plaintiff "swore out" the warrant, the warrant is criminal in nature. Ala.Code §§ 15–7–1 through 15–7–4 (1975). Under Florida and Alabama law plaintiff would not be able to obtain jurisdiction over Abate even if Abate was extradited from Florida to Alabama, unless he was then convicted of a criminal offense. *See* Ala.Code § 15–9–63 (1975). It is clear that a WPP official has not deprived plaintiff of her constitutional due process rights or of property rights in this situation. Had a WPP official obstructed a civil action seeking to attach property of a protected witness or in an attempt to serve the protected witness with a writ of attachment from a court with personal jurisdiction over the witness this would be entirely another matter. This is not the case on appeal under the most generous reading of the facts and allegations.

Since plaintiff has yet to state a claim which survives dismissal for lack of jurisdiction we must modify the district court's order of dismissal so that the dismissal as modified is on that ground alone.[4]

AFFIRMED AS MODIFIED.

---

4. Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds. This dismissal is without prejudice. *Hitt v. City of Pasadena*, 561 F.2d 606 (5th Cir.1977); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1350

(1969). The distinction in this case, however, is largely academic. Applying our liberal federal rules of pleading under *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) plaintiff has not yet stated or even suggested a claim upon which relief could be granted.