[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13552
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 9, 2012
JOHN LEY
CLERK

D.C. Docket No. 2:11-cv-14149-JEM


GEORGE MANNING,

                                                    Plaintiff–Appellant,

                              versus

JUDGE DAVID HARPER,
Deceased, Trial Judge of Estate,

                                                    Defendant,

JUDGE DAN VAUGHN,
Appellate,
JUDGE ELIZABETH METZGER,
Appellate Administrative,
JUDGE KATHLEEN ROBERTS,
County Court,
JUDGE BARBARA BRONIS,
Appellate,
JUDGE LARRY SCHACK,
Appellate,

                                                    Defendants–Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 9, 2012)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

After losing a civil action that he brought in Florida state court, George

Manning filed suit *pro se* in federal court under 42 U.S.C. § 1983, claiming that

the judges who presided over his state case and its appeal deprived him of his right

to due process. The district court determined that it lacked subject-matter

jurisdiction over some of his claims based upon the *Rooker-Feldman* doctrine[1] and

dismissed the remainder as barred by absolute judicial immunity. For the reasons

that follow, we dismiss in part, affirm in part, vacate in part, and remand with

instructions.

I.

Manning sued the company he hired to monitor the removal of mold from

_____

[1] The doctrine derives from two Supreme Court decisions: *Rooker v. Fidelity Trust Co.*,
263 U.S. 413, 415-16 (1923), and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983).

his property.[2]  Judge David Harper heard Manning's case in Florida Small Claims Court in 2008, ruled against him, and ordered him to pay attorneys' fees.  Manning appealed to a three judge Florida Circuit Court panel, which affirmed Judge Harper's ruling.  The appellate panel also denied Manning's request for rehearing.  Appellate Judge Elizabeth Metzger ordered Manning to pay attorneys' fees for filing the rehearing request and remanded the case to Judge Kathleen Roberts for a determination of the fee amount.

Manning sued in federal court, claiming that the Florida judges deprived him of due process in violation of the Fourteenth Amendment in the following ways:

Manning alleged that Judge Harper[3] would not look at his evidence, falsely said that he did not answer questions, forced false evidence into the record, was generally biased, and awarded attorneys' fees in violation of Florida law.  Manning further alleged the three appellate judges refused to recognize that Judge Harper had manipulated the evidence, wrongly determined that they did not have a settled record, wrongly found that attorneys' fees were justified,

---

[2] Because we address a facial dismissal for lack of subject matter jurisdiction and for failure to state a claim, the facts are derived from solely Manning's complaint.  *See McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).

[3] Before Manning filed suit, Judge Harper died .  Therefore, Judge Harper's Estate was named in the complaint as a defendant.

3

"misapprehended" his claim that Judge Harper should have written an opinion explaining the dismissal of his case, and otherwise failed to acknowledge the substantial errors he claimed the Small Claims Court had made. Manning also alleged the appellate panel overlooked the issues he identified and denied his request for a rehearing. Thereafter, according to Manning, Judge Metzger wrongly ordered him to pay attorneys' fees for failing to supply the information required to justify rehearing, refused to reconsider that decision, and did not permit Manning a hearing to determine if he had been properly served with his opponent's intention to seek fees. Finally, Manning alleged that Judge Roberts prevented him from arguing that he was not properly served, failed to follow discovery rules, refused to respond to his questions about the legitimacy of her order because it was not signed, ruled that she could issue an order on the opposing attorneys' stationary, held him in contempt, and declined to explain how she had calculated the fees.

All defendants except the Estate of Judge Harper moved to dismiss for lack of subject-matter jurisdiction and for failure to state a claim. The district court determined that it lacked subject-matter jurisdiction to consider several of Manning's claims because the claims could only succeed if the court held that the state courts had wrongly decided the issues. The remainder of Manning's claims

4

against those defendants, the court found, were barred by absolute judicial immunity and thus failed to state a claim upon which relief could be granted. And, finding that Manning had never served the Estate of Judge Harper, the district court dismissed all of Manning's claims against Judge Harper. This is Manning's appeal.

## II.

We review a dismissal for lack of subject-matter jurisdiction *de novo*. *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009). Likewise, we review *de novo* a district court's dismissal of a plaintiff's claims as barred by absolute immunity. *Long v. Satz*, 181 F.3d 1275, 1278 (11th Cir. 1999). In both instances, we accept the complaint's well-pleaded factual allegations as true. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). And, because Manning proceeds *pro se*, we construe his pleadings liberally. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

## III.

First, we observe that, although the district court discussed some of them in the order from which Manning appeals, Manning's claims against the Estate of Judge Harper are not properly before us. The district court dismissed Manning's claims against the Estate for failure to perfect service after Manning had already

5

filed this appeal. Manning did not file a new notice of appeal or amend his existing notice of appeal to identify that order. Although we liberally construe notices of appeal filed by a *pro se* litigants, our jurisdiction is restricted to the orders an appellant specifies. *See Moton v. Cowart*, 631 F.3d 1337, 1341 n.2 (11th Cir. 2011). We are generally not at liberty to infer an appellant's intent to designate in his notice of appeal an order that was not entered until after the notice of appeal was filed. *McDougald v. Jenson*, 786 F.2d 1465, 1474 (11th Cir. 1986). We therefore dismiss Manning's appeal with respect to his claims against the Estate of Judge Harper because we lack appellate jurisdiction to consider them.

Second, the district court determined that it lacked jurisdiction to consider several of Manning's claims under the *Rooker-Feldman* doctrine. Under that doctrine, "a federal district court has 'no authority to review final judgments of a state court in judicial proceedings.'" *Nicholson*, 558 F.3d at 1272 (quoting *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)). Federal district courts may not hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *Rooker-Feldman* applies both to claims actually raised in the state court as well as those that are "'inextricably

6

intertwined'" with the state court judgment. *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (quoting *Feldman*, 460 U.S. at 482 n.16). "A claim is inextricably intertwined if it would effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues." *Id.* (citations and internal quotation marks omitted).

After careful review, we agree that *Rooker-Feldman* prevented the district court from assuming jurisdiction over the claims that the court identified in its dismissal order as barred by the doctrine. Ruling on those claims would necessarily have required the court to determine that the Florida state courts wrongly decided the issues before them in Manning's prior suit. Manning's assertion that, without recourse to federal courts, he would be deprived of a venue in which to air his constitutional grievances misunderstands the nature of our dual system of courts. And Manning's appeal does not present an irreconcilable conflict between vindication of his constitutional rights and jurisdictional doctrine. If Manning believed that the state judges were biased in their rulings against him, he had the option to appeal those rulings to the Florida Supreme Court and, from there, to the Supreme Court of the United States. Manning's belief that doing so would have been futile is immaterial. He chose not to take full advantage of review in Florida's courts and may not now attack in the federal courts adverse

7

state court rulings as unconstitutionally biased.

Yet, although the district court correctly identified several claims over which it lacked jurisdiction as a result of *Rooker-Feldman*, the court's list was underinclusive.[4] "Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds." *Boda v. United States*, 698 F.2d 1174, 1177 n.4 (11th Cir. 1983). Even though the results are functionally similar, the district court erred in dismissing some of Manning's claims based upon judicial immunity because the court lacked jurisdiction to reach the issue of immunity. It is necessary, therefore, for us to vacate the dismissal of those claims and remand for the district court to dismiss them for lack of jurisdiction rather than for failure to state a claim. *See DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008).

In addition to those claims that the district court correctly identified, the district court was also precluded from considering Manning's due process claims

---

[4] The appellees argue that we should remand this case to permit the district court to dismiss it *in toto* for lack of subject-matter jurisdiction because all of Manning's claims are barred by the *Rooker-Feldman* doctrine. Because Manning seeks only damages and none of the alleged due process violations asserted in Manning's complaint could have resulted in any compensable injury, they argue, the district court's determination that it had jurisdiction over some of Manning's claims was erroneous. We disagree. It is well established that courts may award nominal damages for due process violations even where no actual injury occurred. *See DA Mortg., Inc. v. City of Miami Beach*, 486 F.3d 1254, 1259-60 (11th Cir. 2007). Thus, even assuming none of the violations that Manning alleged could have resulted in an actual injury, that would not have divested the district court of jurisdiction.

based on: (1) Judge Metzger's refusal to reconsider her order awarding fees against Manning; (2) the appellate judges' determination that they had not received a settled record; (3) Judge Roberts's ruling that her order did not have to be signed; and (4) Judge Roberts's decision that it was not improper for her order to be written on the opposing lawyer's stationary. In each instance, the district court could only have decided that these judicial actions violated Manning's due process rights by holding that the Florida judges wrongly decided the issues before them or invalidating their rulings. For that reason, the district court lacked subject-matter jurisdiction over those claims, and we remand with instructions that they be dismissed on that basis.

Finally, the district court correctly dismissed as barred by judicial immunity all of Manning's remaining claims. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events

9

occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005).

Manning contends that the judges were not acting in their judicial capacities and that the issue of immunity should have been submitted to a jury.[5] But "judicial immunity is an immunity from suit, not just from ultimate assessment of damages," *Mireles v. Waco*, 502 U.S. 9, 11 (1991), and, accordingly, the Supreme Court has urged that a defendant's entitlement to immunity be resolved "at the earliest possible stage in litigation," *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). As the district court determined here, the judges' immunity was apparent from the fact of the complaint. Manning also argues that the judges were acting "on their own agenda," and thus, in his view, were not properly performing their judicial duties. But Manning's allegations are based either on the rulings or actions in open court of the judges who decided the case that Manning brought in the Florida courts. Those actions were plainly "judicial in nature." *Mireles*, 502 U.S. at 12.

---

[5] Manning also argues that the district court's dismissal of his complaint deprived him of his Seventh Amendment right to trial by jury. This contention is meritless. As we have recently explained, we are not at liberty to decide that dismissal of claims that fail as a matter of law violates the Seventh Amendment and we would not, in any event, make such a decision. *Zivojinovich v. Barner*, 525 F.3d 1059, 1066 (11th Cir. 2008)

10

And it is irrelevant whether Manning is correct that those actions were unfair or involved erroneous interpretations of Florida law or the facts of his case. The judges' actions were not undertaken in the absence of all jurisdiction. Rather, each action that Manning challenges occurred in the context of presiding over a case in which Manning had invoked the judges' jurisdiction by filing and pursuing his state court lawsuit. *See id.* at 12-13.

IV.

For the foregoing reasons, we dismiss Manning's appeal as it relates to any of his claims against the Estate of Judge David Harper. Further, we affirm the district court's dismissal for lack of jurisdiction of those claims to which the court determined that *Rooker-Feldman* applied. We vacate the district court's dismissal of the following claims on the merits and remand with instructions that they be dismissed for lack of subject-matter jurisdiction: (1) Judge Metzger's refusal to reconsider her order awarding attorneys' fees; (2) the determination of the appellate judges that they had not received a settled record; (3) Judge Roberts's ruling that her order did not have to be signed; and (4) Judge Roberts's ruling that her order was not illegitimate because it was printed on the opposing counsel's stationary. Finally, we affirm the district court's dismissal of all of Manning's remaining claims for failure to state a claim based on absolute judicial immunity.

11

**DISMISSED** in part, **AFFIRMED** in part, and **VACATED AND REMANDED** in part.