[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16495
Non-Argument Calendar
_____

D.C. Docket No. 6:12-cv-00864-GKS-KRS

JEFF ENDERS,

Plaintiff-Appellant,

versus

STATE OF FLORIDA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 23, 2013)

Before BARKETT, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Jeff Enders, proceeding pro se, appeals the dismissal, without prejudice, of

his 42 U.S.C. § 1983 action for a failure to state a claim upon which relief may be

granted under Fed.R.Civ.P. 12(b)(6), as well as the subsequent denial of his motion

for reconsideration of that dismissal.  In his § 1983 complaint, Enders asserted that numerous statutes contained in the Obscenity Chapter (847) of the Florida Statutes were unconstitutional because they prevented him from ordering two-year mail-order subscriptions to Hustler Taboo and Hustler XXX magazines.  The district dismissed Enders's action, without prejudice, and denied his motion for reconsideration.  On appeal, Enders argues that the district court erred in dismissing his § 1983 complaint and in failing to reconsider its prior order dismissing the complaint.  However, because the plaintiff Enders undeniably lacks standing to bring this suit, we dismiss the appeal without prejudice for lack of subject matter jurisdiction.

We review de novo basic questions concerning our subject matter jurisdiction, including standing.  Elend v. Basham, 471 F.3d 1199, 1204 (11th Cir. 2006).  The party invoking federal jurisdiction bears the burden of proving the essential elements of standing, although "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice[.]"  Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  Pro se pleadings are to be liberally construed.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  However, courts are not required to "rewrite an otherwise deficient pleading in order to sustain an action."  See GJR Inv., Inc. v. County of Escambia,

2

Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), <u>overruled on other grounds by</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).

It is by now axiomatic that "Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies.' " <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.</u>, 454 U.S. 464, 471 (1982). The Supreme Court has declared that the standing inquiry "is an essential and unchanging part of the case-or-controversy requirement of Article III." <u>Lujan</u>, 504 U.S. at 560. Moreover, "[s]tanding is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." <u>Bochese v. Town of Ponce Inlet</u>, 405 F.3d 964, 974 (11th Cir. 2005) (citation and quotation marks omitted). We have thus held that "[t]he standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." <u>Elend</u>, 471 F.3d at 1205-06 (internal quotation marks omitted). "It is not enough that the [plaintiff]'s complaint sets forth facts from which we could imagine an injury sufficient to satisfy Article III's standing requirements." <u>Id.</u> at 1206 (quotation omitted). Indeed, "we should not speculate concerning the existence of standing .... If the plaintiff fails to meet its burden, this court lacks the power to create jurisdiction by embellishing a deficient allegation of injury." <u>Id.</u> (citation omitted).

3

In <u>Lujan</u>, the Supreme Court held that a party seeking to invoke the subject matter jurisdiction of a federal court must establish the following:

> First, the plaintiff must have suffered an injury in fact -- an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of -- the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

504 U.S. at 560-61 (page numbers, quotation marks, citations, brackets, and ellipses omitted).

In 2012, Enders, a non-prisoner, filed the present action under 42 U.S.C. § 1983, alleging violations of his First, Fourth, Fifth, Seventh, Eighth, Ninth, and Fourteenth Amendment rights against the State of Florida. Enders also asserted that numerous statutes contained in Chapter 847 of the Florida Statutes were unconstitutional: §§ 847.001(4), (5), (6)(a)-(10)(a), (10)(b), (12), (17)-(19), and (20)(b), (c); 847.011(1)(c), (2), (3), (4), (7), and (9); 847.0135(2)(a)-(d), (5)(a)-(b), (6); 847.0137(l)(b); 847.06(1)-(2); 847.07; 847.09(1)-(2); 847.02; 847.03; and 847.09(1)-(2). He alleged that these statutes unconstitutionally prevented him from ordering two-year mail-order subscriptions to Hustler Taboo and Hustler XXX magazines. Thus, he said, the statutes impermissibly prohibited consensual sexual activity between heterosexual couples, as well as masturbation in the privacy of one's home, and therefore, violated his Fifth and Fourteenth

4

Amendment rights to personal private property, and right to liberty. Enders also claimed that the statutes gave police officers the power to arrest individuals and deprive them of their personal property through the confiscation of the obscene material -- constituting cruel and unusual punishment under the Eighth Amendment, and unreasonable seizures and theft under the Fourth Amendment.

Here, Enders's complaint fails the test for constitutional standing established in Lujan. At most, Enders says that because of Florida's Chapter 847 statutes, he may have been unable to obtain a mail-order subscription to Hustler Taboo and Hustler XXX magazines. Beyond this, as the district court observed, the complaint contains the barest of legal conclusions and hypothetical violations of the Fourth and Eighth Amendments. Indeed, Enders does not assert that the magazines were obscene under the Florida statutes, nor otherwise explain how the Florida statutes prevented him from ordering the magazines; he does not say whether Hustler claimed that the Florida statutes prevented it from selling its magazines in Florida; nor does Ender even allege that he attempted to order the magazines and could not.

The omissions in this complaint are therefore similar to those in Swann v. Secretary, Georgia, 668 F.3d 1285 (11th Cir. 2012), and DiMaio v. Democratic Nat'l Comm. ("DNC"), 520 F.3d 1299 (11th Cir. 2008). In Swann, we held that a former inmate of a county jail lacked standing to complain that state and local officials failed to mail him a ballot at the jail even though he never asked them to

mail him a ballot there.  Among other things, we concluded that Swann failed to satisfy the second Lujan prong -- traceability -- since "an injury is not fairly traceable to the actions of a defendant if caused by the independent action of some third party not before the court and likewise a controversy is not justiciable when a plaintiff independently caused his own injury."  Swann, 668 F.3d at 1288 (quotations and citations omitted).  Here too -- Enders's ability to purchase the magazines cannot be impaired by the Florida statutes' operation if he did not attempt to order the materials, or if Hustler's reason for not mailing the magazines to Florida hinged on other reasons.  In DiMaio, we concluded that a registered voter who had challenged the decision of the DNC not to seat delegates from the Florida primary at the party's national convention lacked standing to bring suit because, inter alia, "DiMaio never alleged that he actually voted, nor even so much as suggested that he intended to vote in the Florida Democratic Primary."  520 F.3d at 1302.  Thus, we found that the complaint did not satisfy the third prong of the Lujan test, "for if DiMaio has not voted, we are unable to redress any alleged violation of his constitutional rights."  Id. at 1303.  Similarly, if Enders has not attempted to order the magazines or if the statutes have not barred the sale of the magazines, we are unable to redress any alleged violation of his constitutional rights.

6

As for Enders's suggestion that any arrest under these Florida statutes would constitute cruel and unusual punishment, he also lacks standing for this claim.  In the context of a First Amendment claim like this -- alleging that a criminal statute prohibiting conduct is unconstitutional -- a plaintiff must show that, as a result of his desired expression, (1) he was threatened with prosecution; (2) prosecution is likely; or (3) at least that there is a credible threat of prosecution.  Harrell v. The Florida Bar, 608 F.3d 1241, 1260 (11th Cir. 2010).  In the complaint before us, Enders has failed to allege that he has been charged under any section of Chapter 847 or that he is under the threat of being so charged.  For example, Enders challenges the constitutionality of Florida Statute § 847.0135(2)(a-d) and (5)(a-b) which prohibit exposing one's genitals to a minor under 16 via a computer and printing, publishing, reproducing, buying, selling, receiving, exchanging or disseminating any minor's name, telephone number, place of residence, physical characteristics, or other descriptive for purposes of soliciting sexual conduct or visual depiction of such conduct with a minor.  However, Enders has failed to allege how receiving a two-year subscription to Hustler XXX or Hustler Taboo magazines would place him under a credible fear of being charged under these particular sections of the Florida statutes.

Enders also challenges the constitutionality of Florida Statute § 847.06, which prohibits the transportation of obscene material into Florida for the purpose

7

of selling or distributing the material.  Section 847.06 applies to distributors and vendors of obscene material and not people who purchase obscene material. Enders has not alleged that he has sold or plans on selling or distributing Hustler XXX or Hustler Taboo, and therefore, he could not be charged under section 847.06. Thus, Enders has failed to demonstrate a credible threat of prosecution under section 847.06.

In short, Enders does not have standing because he has not established how Florida's Chapter 847 has affected his rights, nor that he has been charged or has a credible fear that he will be charged under Chapter 847.   Accordingly, we **AFFIRM** the dismissal of Enders's complaint albeit on different grounds -- the claims are nonjusticiable because the plaintiff, at least based on the pleadings contained in his complaint, lacked standing to bring this lawsuit.  This dismissal is necessarily without prejudice.  See Boda v. United States, 698 F.2d 1174, 1177 n.4 (11th Cir. 1983) ("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds. This dismissal is without prejudice."). Accordingly, we **VACATE** the district court's holding to the extent it dismisses the complaint on

8

the merits for failure to state a claim, and **REMAND** with instructions that the district court reenter an order dismissing the case for want of jurisdiction.[1]

---

[1]    Because the district court ultimately did not err in dismissing Enders's § 1983 complaint, it also did not abuse its discretion in denying his motion for reconsideration. Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993).