[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12097
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cr-60064-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN BRENNAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 20, 2019)

Before WILLIAM PRYOR, GRANT and BLACK, Circuit Judges.

PER CURIAM:

Kevin P. Brennan appeals following the district court's denial of his pro se post-judgment motion "to Address Imposing Term of Supervised Release" (Motion to Remove Supervised Release).  Brennan contends the district court erred in denying the motion because the sentencing court did not consider the 18 U.S.C. § 3553 factors when it imposed his term of supervised release in 2013.[1]  Brennan was sentenced to a total of 75 months' imprisonment, followed by 3 years' supervised release, which began when he was discharged from prison on July 30, 2018.  After review, we affirm the district court.

## I.  DISCUSSION

Brennan failed to specify, before the district court, any statute or rule as a basis for his Motion to Remove Supervised Release, and the district court did not specify how it construed his motion or its basis for jurisdiction.  *Boyd v. Homes of Legend, Inc.*, 188 F.3d 1294, 1297-98 (11th Cir. 1999) (stating in every case, this Court must ensure the district court had jurisdiction to consider the case on the merits); *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990) (explaining federal courts are under an obligation to look beyond the label of a

---

[1] Brennan also filed a "Motion for Court Approval to File a Motion," which the district court also denied.  Brennan has not mentioned the motion, remade any of his arguments regarding it, or addressed the district court's reasons for denying it.  Accordingly, he has abandoned this issue.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

motion filed by a pro se inmate and determine whether the motion is cognizable under a different remedial statutory framework).

## A.  18 U.S.C. § 3583(e)(1)

Brennan's motion could have been construed as a motion requesting the district court terminate his term of supervised release.  *See* 18 U.S.C. § 3583(e)(1). Under § 3583(e)(1), the court may, after considering the factors set forth in § 3553(a), terminate an individual's supervised release obligations "at any time *after the expiration of one year* of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1) (emphasis added).  Assuming that Brennan's term of supervised release began on July 30, 2018, as shown on the Federal Bureau of Prisons (BOP) website, he does not meet the one-year requirement for relief under § 3583(e)(1).  *See id.*  Accordingly, to the extent Brennan's motion is interpreted as arising under § 3583(e), we affirm the district court's denial.

## B.  28 U.S.C. § 2255

A federal prisoner seeking relief from his conviction or confinement may file, pursuant to 28 U.S.C. § 2255, a motion to vacate in the district court.  *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003).  A prisoner may not, however, file a second or successive motion under § 2255 without our prior certification. 28 U.S.C. § 2255(h).  Absent such permission, the district court lacks jurisdiction

to address the motion and must dismiss. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005). Brennan previously filed a § 2255 motion in 2014, which the district court denied in 2015. Construed as a successive § 2255 motion, Brennan failed to obtain authorization to file such a motion. Thus, the district court lacked jurisdiction to address the motion under § 2255.

*C.  18 U.S.C. § 3582(c) and Fed. R. Crim. P. 35(a)*

Under 18 U.S.C. § 3582, a district court "may not modify a term of imprisonment once it has been imposed except" in three limited circumstances. 18 U.S.C. § 3582(c). First, upon motion of the Director of BOP, a court may reduce a term of imprisonment if it finds that (1) extraordinary and compelling reasons warrant a reduction, or (2) the defendant is at least 70 years of age, has served at least 30 years in prison for the instant offense, and the Director of the BOP has determined the defendant is not a danger to the safety of any other person or the community. *Id.* § 3582(c)(1). Second, a court may reduce a defendant's term of imprisonment whose sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission, if such a reduction is consistent with the Commission's applicable policy statements. *Id.* § 3582(c)(2). Finally, a court may otherwise modify a term of imprisonment as expressly permitted by statute or Federal Rule of Criminal Procedure 35. *Id.* § 3582(c)(1)(B); *see also* Fed. R. Crim. P. 35(a) (providing that, within 14 days of

4

sentencing, a court may correct a sentence that resulted from arithmetical, technical, or other clear error).

We have recognized § 3582(c) imposes a jurisdictional limitation on a district court's ability to modify a sentence, noting a district court has "no inherent authority" to modify a sentence that has already been imposed.  *United States v. Phillips*, 597 F.3d 1190, 1194–96 (11th Cir. 2010).  Accordingly, a district court lacks jurisdiction to modify a sentence unless § 3582(c)(1) or (c)(2), another statute, or Rule 35 expressly permits a sentence modification.  *Id.* at 1194–95. Similarly, we have determined the time limit in Rule 35(a) is jurisdictional.  *See id.* at 1196–97.

Construed as a motion under § 3582(c) or Rule 35(a), Brennan's motion was not (1) filed by the director of the BOP, (2) based on any retroactive change to his Guidelines range, (3) based on any other statute authorizing the district court to modify his sentence, or (4) made within the 14-day time limit mandated by Rule 35(a), as it was filed in April 2018, approximately 5 years after his 2013 sentencing.  *See* 18 U.S.C. § 3582(c); Fed. R. Crim. P. 35(a).

## II.  CONCLUSION

To the extent Brennan's motion is construed under 18 U.S.C. § 3583(e), Brennan has not been under supervised release for at least one year, so we affirm the denial on that basis.  To the extent Brennan intended to proceed under 28

5

U.S.C. § 2255, 18 U.S.C. § 3852(c), or Federal Rule of Criminal Procedure 35, or was not relying on any authority, we construe the order denying Brennan's Motion to Remove Supervised Release as a dismissal for lack of jurisdiction and affirm with that understanding. *See Boda v. United States*, 698 F.2d 1174, 1177 (11th Cir. 1983) (affirming the dismissal of an action, but modifying the dismissal to rest on an absence of jurisdiction).

**AFFIRMED.**