[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12144
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cv-20784-CMA

CARLOS L. WOODSON,

Plaintiff-Appellant,

versus

ELEVENTH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FL,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 1, 2019)

Before MARCUS, JORDAN and NEWSOM, Circuit Judges.

PER CURIAM:

Carlos Woodson, a prisoner proceeding pro se, appeals the sua sponte

dismissal without leave to amend of his 42 U.S.C. § 1983 complaint for failure to

state a claim upon which relief may be granted, and requests that we treat his original

complaint as a Rule 60(b) motion to vacate the district court's 2004 denial of his initial 28 U.S.C. § 2254 federal habeas corpus petition.  On appeal, Woodson argues that: (1) the district court erred when it applied the collateral estoppel doctrine to his § 1983 claim because he was not given a fair opportunity to litigate this claim in prior cases and that the Rooker-Feldman[1] doctrine does not apply because the success of his claims would not nullify any state court judgment, but rather would address only the constitutionality of the statutes that he is challenging; and (2) the district court should have allowed him leave to amend his original complaint to change the named defendants.  After thorough review, we affirm.

Section 1915(e) provides, inter alia, that an in forma pauperis action shall be dismissed at any time if the court determines that it fails to state a claim for which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  We review de novo a district court's sua sponte dismissal under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii) for failure to state a claim.  Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278–79 (11th Cir. 2001).  We review de novo whether the Rooker-Feldman doctrine deprived the district court of subject matter jurisdiction.  Doe v. Fla. Bar, 630 F.3d 1336, 1340 (11th Cir. 2011).  A district court's conclusions on collateral estoppel are reviewed de novo, while its legal conclusion that an issue was actually litigated in a prior

---

[1] Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).

2

action is reviewed for clear error.  Richardson v. Miller, 101 F.3d 665, 667-68 (11th Cir. 1996).  We review a district court's denial of leave to amend for abuse of discretion.  Troville v. Venz, 303 F.3d 1256, 1259 (11th Cir. 2002).  We review de novo whether a requested amendment to a complaint would be futile.  Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007).

Arguments not presented in the district court and raised for the first time on appeal are deemed waived.  Walker v. Jones, 10 F.3d 1569, 1572 (11th Cir. 1994). Issues not briefed on appeal are deemed abandoned.  Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).  We may modify a district court order on appeal to reflect the appropriate grounds for dismissal.  Boda v. United States, 698 F.2d 1174, 1177 n.4 (11th Cir. 1983).  Where a claim could be dismissed based on both lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds, and the dismissal is without prejudice.  Id.

Under the Rooker-Feldman doctrine, lower federal courts lack subject matter jurisdiction over a case where the plaintiff in essence seeks to overturn a state court judgment.  Alvarez v. Att'y Gen. for Fla., 679 F.3d 1257, 1262 (11th Cir. 2012). The Supreme Court has clarified that the Rooker-Feldman doctrine is confined to cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.  Target Media Partners v. Specialty Mktg.

Corp., 881 F.3d 1279, 1285 (11th Cir. 2018).  We've squarely held that the Rooker-Feldman doctrine applies to a prisoner's § 1983 claim that a state court misapplied its own DNA access procedures because success on the prisoner's claim would "effectively nullify" the state court's judgment in violation of the Rooker-Feldman doctrine.  Alvarez, 679 F.3d at 1264.  However, a prisoner's challenge to a state DNA statute as unconstitutional on its face is not barred by Rooker-Feldman when it does not challenge a state court decision but solely the constitutionality of the state laws.  Skinner v. Switzer, 562 U.S. 521, 531-33 (2011).

Res judicata is often analyzed as two separate components: claim preclusion and issue preclusion.  Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984).  Claim preclusion requires a final judgment on the merits to bar a subsequent claim, and dismissal for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) is a final judgment on the merits for these purposes.  Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398, 399 n.3 (1981).  Collateral estoppel is another name for the issue preclusion aspect of res judicata.  Community State Bank v. Strong, 651 F.3d 1241, 1263 (11th Cir. 2011).

Issue preclusion has four elements: (1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party

against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding.  CSX Transp., Inc. v. Bhd. of Maint. of Way Emps., 327 F.3d 1309, 1317 (11th Cir. 2003).  In determining when an issue has been "actually litigated," we have cited with approval the Restatement's formulation that "[w]hen an issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated."  Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1359 (11th Cir. 1998) (quoting Restatement (Second) of Judgments § 27 cmt. d (1982)).

The district court should freely give leave to amend when justice so requires.  Fed. R. Civ. P. 15(a)(2).  However, the district court need not grant leave to amend where there has been bad faith or dilatory motive or where amendment would be futile.  Chang v. JPMorgan Chase Bank, N.A., 845 F.3d 1087, 1094 (11th Cir. 2017).  Amending a complaint would be futile if the complaint as amended would still be subject to dismissal.  Cockrell, 510 F.3d at 1310.

Here, Woodson's challenge to the application of the Florida DNA statute is barred from federal review because, like in Alvarez, the success of his challenge would "effectively nullify" the state court's denial of his post-conviction motion for access to the DNA, in violation of the Rooker-Feldman doctrine.  Alvarez, 679 F.3d at 1264.  We note, however, that Woodson's claim should have been dismissed for lack of subject matter jurisdiction, which is without prejudice, rather than failure to

state a claim, which is with prejudice. Boda, 698 F.2d at 1177 n.4. We therefore modify the district court's order of dismissal on appeal so that the dismissal of the as-applied challenge is for lack of subject matter jurisdiction alone, which is a dismissal without prejudice. Id.

While Woodson's challenge to the facial constitutionality of the Florida DNA statutes is not barred by Rooker-Feldman because it is not seeking review of a state court decision but rather review of the state laws themselves for constitutionality, see Skinner, 562 U.S. at 531, the district court did not err in rejecting this claim on collateral estoppel grounds. As the record reveals, Woodson raised the same claims in his prior federal lawsuits and was given a full and fair opportunity to litigate his claims in both prior cases. Claim preclusion was correctly applied in the second case because Woodson's claim in the first case was dismissed for failure to state a claim, which is a final judgment on the merits. Moitie, 452 U.S. at 399 n.3. In addition, Woodson's procedural due process arguments were actually litigated in both his prior cases because his claims were raised, discussed, and decided on in each case. Pleming, 142 F.3d at 1359. Thus, the district court did not err in applying collateral estoppel to Woodson's claim and dismissing it with prejudice.

Nor can we say that the district court abused its discretion in dismissing Woodson's complaint without leave to amend, since Woodson's proposed amendment to change the named defendant was futile. Chang, 845 F.3d at 1094.

6

Addressing the issue of the original defendant not being subject to suit would have resulted in a claim still subject to dismissal based on the independent grounds of the Rooker-Feldman doctrine and collateral estoppel.

Finally, Woodson has also asked this Court, for the first time on appeal, that his complaint be construed as seeking Rule 60(b) relief; notably, he is not alleging that the district court misconstrued the relief sought in his original complaint.  We typically do not consider arguments raised on the first time on appeal, Walker, 10 F.3d at 1572, and, in any event, this relief is more appropriately sought in a separate filing in the district court, see Fed. R. Civ. P. 60(b).  Thus, we deny the request made in Woodson's supplemental brief.

In short, we affirm the district court's order as modified to reflect that Woodson's as-applied constitutional is dismissed without prejudice.

**AFFIRMED AS MODIFIED.**