[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13315
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-00187-CG-MU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE C. DENSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(March 18, 2020)

Before WILSON, LAGOA, and HULL, Circuit Judges.

PER CURIAM:

Willie C. Denson, a state prisoner who has not yet begun serving his federal sentence, appeals the district court's denial of his pro se motion for a *nunc pro tunc* sentencing order to run his state and federal sentences concurrently under 18 U.S.C. § 3584.  On appeal, still proceeding pro se, he argues that the district court abused its discretion in denying his motion because it failed to properly consider relevant factors that were due significant weight or committed a clear error in judgment in doing so.  For the following reasons, we affirm.

We review questions of the district court's subject-matter jurisdiction de novo and can review such questions sua sponte.  *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008) (per curiam); *United States v. Straub*, 508 F.3d 1003, 1008 (11th Cir. 2007).  If the district court lacked jurisdiction to consider a case on the merits, we possess jurisdiction on appeal solely to correct the district court's error in hearing the case.  *Boyd v. Homes of Legend, Inc.*, 188 F.3d 1294, 1298 (11th Cir. 1999).  And we may construe a district court's improper merits denial as a dismissal for lack of jurisdiction and affirm with that understanding. *See Boda v. United States*, 698 F.2d 1174, 1176–77 (11th Cir. 1983) (affirming dismissal of civil suit but modifying it so that it rested solely on the ground of lack of jurisdiction); *Mahone v. Ray*, 326 F.3d 1176, 1178 n.2 (11th Cir. 2003) (construing denials of motions as dismissals for lack of subject-matter jurisdiction).

2

Indeed, "[w]e may affirm on any ground supported by the record." *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016).

In the sentencing context, a district court has "no inherent authority" to modify an already imposed imprisonment sentence. *See United States v. Diaz-Clark*, 292 F.3d 1310, 1315, 1319 (11th Cir. 2002) (internal quotation mark omitted). "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010); *see* 18 U.S.C. § 3582(c). Only one route to modification is potentially relevant here: a district court may modify an imprisonment sentence "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B).

Here, the district court summarily denied Denson's motion to modify his federal sentence to run concurrently with his state sentence. "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). And we see no remotely applicable statute or rule that would have enabled the district court to modify the federal sentence to run concurrently here upon Denson's motion. Even if we stretched to apply a statute or rule, the substantive relief Denson seeks is not cognizable under any of them. *See, e.g.*, Fed. R. Crim. P. 35(a) (allowing for correction due to "arithmetical, technical, or other clear error"). Because the

district court lacked authority to grant Denson the relief he sought, we construe the district court's summary dismissal as a proper dismissal for lack of jurisdiction and affirm with that understanding.

**AFFIRMED**.